**2023 UT App 24**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
BEVERLY ANN ELKFACE,
Appellant.

Opinion
No. 20210550-CA
Filed March 9, 2023

Seventh District Court, Price Department
The Honorable Jeremiah Humes
No. 211700006

Wendy Brown, Attorney for Appellant

Sean D. Reyes and Natalie M. Edmundson,
Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES DAVID N. MORTENSEN and RYAN M. HARRIS
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1 As part of a global plea agreement, Beverly Ann Elkface entered guilty pleas in three criminal cases against her. A presentence investigation report (PSI) was prepared and submitted to the district court. At the sentencing hearing, the court imposed prison sentences in each case consistent with the upward departure recommendation in the PSI. Elkface now appeals her sentences on the ground that her defense counsel (Counsel) rendered ineffective assistance for failing to seek the disqualification of the sentencing judge. For the reasons set forth herein, we agree with Elkface and accordingly vacate her sentences and remand the matter to the district court for resentencing.

BACKGROUND

¶2     While Elkface was serving probation for two criminal cases (the probation cases), the State filed five new criminal cases against her. In March 2021, Elkface appeared before Judge Humes for a hearing at which Judge Humes advised her that he "may be disqualified from presiding in this matter, based on his former office's involvement in the case." Judge Humes's involvement with Elkface began in 2018 when, prior to his appointment to the bench, he served as one of the line prosecutors in the probation cases.[1] In this capacity, he actively participated in the proceedings and sought to have Elkface's probation revoked. To this end, he filed numerous adversarial pleadings against Elkface—six in one case alone—and appeared in court to argue that Elkface should be held to be in violation of her probation and sanctioned. Elkface was not advised of the full extent of the judge's involvement in the probation cases, however, and without any apparent discussion with Counsel, she "waive[d] any conflict and agree[d] to Judge Humes presiding."

¶3     The following month, Elkface and the State appeared before Judge Humes to present a "global resolution" for the seven pending cases. Pursuant to the agreement, Elkface agreed to plead guilty in three of the new cases, and the State agreed to dismiss two of the new cases. Because Elkface had not yet completed probation in the probation cases, both parties also agreed to "track" the probation cases to the sentencing hearing, meaning the court would review Elkface's progress in those cases at the sentencing hearing and would, at that hearing, make a determination as to whether Elkface had violated her probation in those cases.

---

1. Judge Humes also served as a prosecutor in at least two additional cases against Elkface.

¶4 Thereafter, Adult Probation and Parole (AP&P) prepared a PSI for Elkface that included a sentencing matrix that was consistent with the Utah Sentencing Guidelines, which placed Elkface into the "presumptive probation" category and recommended supervised probation and "0-90 days [of] jail with a mid-point of 45 days." Based on Elkface's history—including her previous violations in the probation cases (that Judge Humes had helped litigate) and her "significant drug abuse problem"— AP&P disagreed with the guidelines' recommendation and instead recommended that Elkface be denied probation and sentenced to prison.

¶5 In August 2021, Elkface appeared before Judge Humes for sentencing. Citing her "refusal to stay clean and stay out of trouble," the State requested that Elkface be sentenced to prison consistent with AP&P's recommendation. Conversely, Counsel urged Judge Humes to follow the sentencing guidelines and place Elkface on probation. In support, Counsel argued that "almost all" Elkface's probation violations were related to substance abuse, which Elkface was working to address through both treatment and therapy. Moreover, Elkface had a job, had disassociated from individuals who were a bad influence on her, and was "working very hard to stay out of trouble and to better herself" because she was pregnant.

¶6 At the close of the hearing, Judge Humes imposed prison sentences in each of the three cases to which Elkface pleaded guilty. The sentences imposed were consistent with AP&P's recommendation. Judge Humes explained that although the cases had been "difficult . . . to evaluate," ultimately, Elkface's inability to succeed on probation in the probation cases indicated she would "require more intensive supervision" to succeed. Then, at the State's request, Judge Humes closed the probation cases and adjudicated them as unsuccessful.

ISSUE AND STANDARD OF REVIEW

¶7    Elkface now appeals her prison sentences, arguing that Counsel rendered constitutionally ineffective assistance by failing to seek disqualification of Judge Humes.[2] "When a claim of ineffective assistance of counsel is raised for the first time on appeal, there is no lower court ruling to review and we must decide whether the defendant was deprived of the effective assistance of counsel as a matter of law." *State v. Beckering*, 2015 UT App 53, ¶ 18, 346 P.3d 672 (quotation simplified).

ANALYSIS

¶8    Elkface argues that Counsel was ineffective for "failing to insist on [Judge Humes's] disqualification" because Judge Humes "previously prosecuted her in numerous cases, including in some of the cases before the court at the sentencing hearing." To prevail on this claim, Elkface must show (1) that Counsel's performance

2. Elkface also contends Counsel was ineffective for failing to argue that Elkface's pregnancy was a mitigating factor warranting probation. At oral argument before this court, the State argued that this issue is moot. According to the State, the main argument Elkface raised in her briefs on this point concerns the dangers of being incarcerated while pregnant. The State contends that because Elkface has been paroled from prison and is no longer pregnant, a new sentencing hearing would not provide Elkface her requested relief inasmuch as she can no longer be sentenced to prison while pregnant. We disagree with the State's position that this argument is moot. Although Elkface is no longer pregnant, she is still on parole, and the difference between being on parole and being on probation is significant in various ways, including—in this case—the shorter time duration of the sentence associated with probation. Nevertheless, we need not reach the merits of this argument because we vacate Elkface's sentences and remand her case for resentencing on other grounds.

was "deficient" and (2) that this "deficient performance prejudiced the defense." *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶9      Rule 2.11(A) of the Utah Code of Judicial Conduct[3] provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." Utah Code Jud. Conduct R. 2.11(A). Circumstances where this rule applies include, as relevant here, where the judge has "a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding," *id.* R. 2.11(A)(1), or where the judge "served as a lawyer in the matter in controversy," *id.* R. 2.11(A)(6)(a).[4]

¶10     A judge subject to disqualification, "other than for bias or prejudice," may ask the parties to waive disqualification. *Id.* R. 2.11(D). For the waiver to be valid, however, the judge must (1) "disclose on the record the basis of the judge's

---

3. "The Rules in this Code have been formulated to address the ethical obligations of any person who serves a judicial function and are premised upon the supposition that a uniform system of ethical principles should apply to all those authorized to perform judicial functions." Utah Code Jud. Conduct, Applicability cmt. 1. Full-time judges are subject to all provisions of the Code, whereas distinct classes of part-time judges are subject to only some provisions. *Id.* All judges in the State of Utah, however, are subject to disqualification under rule 2.11.

4. We note that the comments to rule 2.11 make clear that "a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of paragraphs (A)(1) through (6) apply." *Id.* R. 2.11 cmt. 1. A previous appearance as an attorney in a matter before the court constitutes a circumstance in which a judge's impartiality might reasonably be questioned.

disqualification" and (2) "ask the parties and their lawyers to consider, *outside the presence of the judge . . .* , whether to waive disqualification." *Id.* (emphasis added). Then, following the required disclosure, if "the parties and lawyers agree, without participation by the judge . . . , that the judge should not be disqualified, the judge may participate in the proceeding." *Id.*

¶11    Applying rule 2.11 to the facts of this case, Elkface contends that Judge Humes should have been disqualified under provisions (A)(1) and (A)(6)(a) of the rule, and that it was therefore unreasonable for Counsel not to either file a motion requesting that Judge Humes disqualify himself or to insist that Judge Humes follow the procedure in provision (D) to obtain a valid waiver.[5] We agree with Elkface on both fronts.

¶12    First, as the former prosecutor in multiple cases against Elkface, it is readily apparent that Judge Humes was subject to disqualification under provisions (A)(1) and (A)(6)(a) due to his prior involvement with Elkface. Judge Humes had "personal knowledge of facts . . . in dispute in the proceeding," *see id.* R. 2.11(A)(1), in particular regarding the various ways in which Elkface had allegedly violated her probation in the probation cases, and he also "served as a lawyer in the matter in controversy," *see id.* R. 2.11(A)(6)(a). At the sentencing hearing, both sides engaged in extensive discussion about Elkface's history, including her substance abuse issues, prior cases, and

---

5. As part of this argument, Elkface contends that not only was Judge Humes subject to disqualification under rule 2.11(A)(1), but his disqualification should have been mandatory and was not waivable under rule 2.11(D). We need not decide on the merits, however, whether the Code mandated Judge Humes's disqualification or whether the conflict was not actually waivable because, at the very least, we agree with Elkface that Judge Humes was subject to disqualification, and he did not follow the proper procedure to waive disqualification.

compliance with probation in previous cases. Judge Humes, however, was already privy to some of this information. While working as a prosecutor, he appeared in several of Elkface's matters, including the probation cases that were discussed at the sentencing hearing and upon which he heavily relied in making his sentencing decision. And in his capacity as a prosecutor, Judge Humes personally sought to have Elkface's probation revoked in the probation cases, filing at least six adversarial pleadings against Elkface in one case alone.

¶13 Second, because Judge Humes was subject to disqualification, Counsel performed deficiently by failing to either insist that Judge Humes disqualify himself or to insist that the court obtain a valid waiver. In determining whether Counsel performed deficiently, we examine whether, "considering all the circumstances, counsel's acts or omissions were objectively unreasonable." *See State v. Scott*, 2020 UT 13, ¶ 36, 462 P.3d 350. Here, that means we must ask whether Judge Humes's disqualification from the case "was sufficiently important under the circumstances" that Counsel's failure to insist on disqualification "fell below an objective standard of reasonableness." *See State v. Ray*, 2020 UT 12, ¶ 36, 469 P.3d 871. And under the circumstances here, we agree with Elkface that it did.[6]

---

6. Citing this court's recent decision in *State v. Grover*, 2022 UT App 48, 509 P.3d 223, the State argues that "[r]easonable counsel" could conclude that neither subsection (A)(1) nor subsection (A)(6)(a) of rule 2.11 "compelled [Judge Humes's] disqualification" and therefore it is unlikely that a motion to disqualify Judge Humes would have been granted. But *Grover* is factually distinguishable.

In *Grover*, the defendant was sentenced by a judge who had previously worked as the county attorney when the defendant

(continued…)

was prosecuted by other prosecutors in that office for a different offense. *Id.* ¶ 32. In imposing a sentence in the new case, the sentencing judge took the defendant's criminal history into consideration, including his prior conviction. *Id.* The defendant appealed his sentence, arguing, among other things, that the sentencing judge was "required to recuse himself" under rule 2.11(A) of the Utah Code of Judicial Conduct because he served as the county attorney when the defendant was prosecuted in the earlier case. *Id.* The defendant did not preserve this specific argument for appeal, however, and therefore was required to argue that the sentencing judge "plainly erred by not recusing himself sua sponte." *Id.*

Here, Judge Humes was the actual prosecutor on multiple cases against Elkface, some of which were still at issue in the sentencing hearing. In that capacity, he filed several adversarial pleadings against her and sought revocation of her probation. This level of involvement stands in stark contrast with that of the sentencing judge in *Grover*. There, the judge merely served as the county attorney when the defendant was prosecuted years earlier for an entirely different offense. The judge had no direct involvement on the previous case.

And perhaps more importantly, *Grover* was decided under the plain error doctrine, and the success of the defendant's claim therefore hinged on whether the sentencing judge "committed an obvious error" in failing to recuse himself under rule 2.11(A). *Id.* ¶ 49 (quotation simplified). In concluding the sentencing judge did not commit an obvious error, this court explained that an error is obvious only if "the law governing the error is clear or plainly settled." *Id.* (quotation simplified). Consequently, because the defendant "ha[d] not pointed to any law that clearly or plainly establishes that rule 2.11(A) requires recusal if a sentencing judge served as the county attorney when a defendant was prosecuted for an entirely different offense," he could not establish plain error. *Id.* ¶ 50. This analysis is inapposite in this case, because the

(continued…)

¶14 As an initial matter, the issue before Judge Humes was the appropriate sentence to impose on Elkface in the three cases to which she pleaded guilty. And in making this decision, the main aggravating factor that Judge Humes considered was Elkface's prior performance in the probation cases. Where Judge Humes was personally involved in the State's effort to seek revocation of Elkface's probation in these cases, it was objectively unreasonable for Counsel to conclude that Elkface would be better served by Judge Humes continuing to preside over her case rather than a new judge who had not been personally invested in seeking revocation of her probation.

¶15 Alternatively, Counsel performed deficiently by failing to request that Judge Humes follow the procedure set forth in rule 2.11(D) to obtain a valid waiver. Counsel's failures in asking the court to adhere to the waiver procedure are twofold. First, Counsel did not ensure that Judge Humes adequately disclosed the basis of his disqualification. The minute entry from the waiver hearing indicates that Judge Humes informed Elkface that he "may be disqualified from presiding in this matter" because of "his former office's involvement in the case." This disclosure was far from complete, however, as it did not inform Elkface that Judge Humes had served as the prosecutor on the probation cases or that he had personally filed multiple adversarial pleadings in those probation matters. And Counsel should have been aware of Judge Humes's previous involvement in the probation cases, given that Counsel was Elkface's counsel of record in those cases. Second, following Judge Humes's disclosure, Counsel did not ask that the parties be permitted to discuss, outside Judge Humes's

---

question of whether Counsel was ineffective requires inquiry into whether Counsel acted reasonably under the specific circumstances of the case, and not whether there is settled law on the subject. *See State v. Silva*, 2019 UT 36, ¶ 19, 456 P.3d 718 (stating that counsel is not "categorically excused from failure to raise an argument not supported by existing legal precedent").

presence, whether to waive disqualification. Instead, the record merely states, "[Elkface] waives any conflict and agrees to Judge Humes presiding over this matter. The State also waives the conflict." There is no indication whatsoever that Elkface was given an adequate opportunity outside the judge's presence to consider the potential impact flowing from Judge Humes's previous dealings with her.

¶16　Having concluded that Counsel rendered deficient performance, we next analyze whether that deficient performance was prejudicial. "*Strickland*'s prejudice prong requires a court to consider the totality of the evidence before the judge or jury and then ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *State v. Gallegos*, 2020 UT 19, ¶ 33, 463 P.3d 641 (quotation simplified). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* ¶ 63 (quotation simplified). Here, Elkface argues that had Judge Humes been disqualified from the case and a new judge assigned, "there is a reasonable likelihood that the factors weighing in favor of probation would have won out." We agree.

¶17　Under our state sentencing structure, trial judges have exclusive discretionary authority to determine whether a defendant will be sent to prison or to serve probation. "Hence, it is absolutely essential that a judge be and remain impartial prior to the commencement of sentencing proceedings when the positions of the respective parties will be presented and considered by the court." *Thompson v. State*, 990 So. 2d 482, 491 (Fla. 2008). On the record before us, we acknowledge Elkface's point that, having served as a prosecutor on multiple cases against her, including the probation cases, Judge Humes's sentencing decision was at least to some extent informed by his personal knowledge about her. During the time Judge Humes served as the prosecutor, Elkface faced problems complying with her probation, struggled with substance abuse, and was charged with

additional crimes. Based on human nature, it is hard to imagine that any judge would have the ability to disregard a preconceived negative view of Elkface's past. Moreover, the evidence presented at the sentencing hearing showed that Elkface had good reason to argue for probation rather than a prison sentence. First, she was pregnant and due to deliver within a few months of sentencing. Second, the sentencing matrix recommended forty-five days in jail followed by probation. Third, the evidence presented at the sentencing hearing demonstrated that Elkface was making efforts toward improving her behavior—she had made recent and consistent efforts at recovery, she was employed, she had ended detrimental personal relationships, and she had remained sober since the latest charges against her. Thus, Elkface has demonstrated she was prejudiced by Counsel's deficient performance because, considering the totality of the evidence, there is a reasonable probability that a judge who was not familiar with Elkface's past would have sentenced her differently. Stated another way, our confidence in the outcome of the sentencing hearing is undermined by Counsel's failure to seek disqualification or at least require the judge to engage in the process to obtain a valid waiver.

CONCLUSION

¶18 Counsel performed deficiently by failing to seek Judge Humes's disqualification from the case under rule 2.11 of the Utah Code of Judicial Conduct, and this deficiency prejudiced Elkface because Counsel's failure undermines our confidence in the outcome of the sentencing proceeding. Accordingly, we vacate Elkface's sentences and remand the matter for further proceedings.

———————